IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KATHLEEN M. RIESE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>GEICO,<br><br>　　　　　　Defendant. | **REPORT AND RECOMMENDATION: GEICO'S MOTION TO DISMISS (ECF NO. 17) AND COMPLAINT (ECF NO. 3)**<br><br>Case No.  2:15-cv-00386-DB-EJF<br><br>District Judge Dee Benson<br>Magistrate Judge Evelyn J. Furse |

　　　　Pro se Plaintiff Kathleen M. Riese, proceeding <u>in forma pauperis</u>, filed the Complaint in this matter in June 2015.  Defendant GEICO Indemnity Company (named in the lawsuit as GEICO and referred to as "GEICO" in this Report & Recommendation) moves the Court[1] to dismiss Ms. Riese's Complaint pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.  (Mot. to Dismiss ("Mot."), ECF No. 17.)  The Court also reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  For the reasons addressed below, the undersigned RECOMMENDS the Court dismiss Ms. Riese's Complaint without prejudice.

### FACTUAL BACKGROUND

　　　　On June 9, 2015, the assigned magistrate judge granted Ms. Riese's request to proceed <u>in forma pauperis</u> in this matter.  (ECF No. 2.)  Ms. Riese's Complaint asserts the following causes of action against GEICO:  (1) "A misrepresented fraudulent undisclosed Arbitration filing;" (2) "Did not seek and obtain all Documents prior to and

---

[1] On August 27, 2015, District Judge Dee Benson referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 4.)

1

upon an unbiased; undisclosed arbitration;" and (3) "GEICO paid out to the Driver that almost took my life and totalled [sic] my car, 'The Copper Nubian Butterfly. An icon.'" (Compl. 4–5, ECF No. 3.)  Ms. Riese states the following as supporting facts for her causes of action:

- First cause of action:  "A misrepresented fraudulent Arbitration filing without full submittal of all prior documents and documentation's [sic] pending."

- Second cause of action:  "1. Incomplete → Police Report; (only one statement). Driver, I, Plaintiff, taken away by ambulance before statements could be taken by both parties.  2. Citations were later dropped against the Plaintiff by the District Attorney during two following Court Appearances."

- Third cause of action:  "This was a Criminal Case.  My Personal Injury Attorney dropped his Representation due to this fact.  Under Subpoena both driver and officer were a no appearance under a Bench Trial Court Date.  All citation charges at both of two later Court Dates were dropped against the Plaintiff."

(Id.)  The Complaint further adds that "[t]hey initially said their [sic] would be no Arbitration Date" but "[t]hen proceed with an unknown, unstated Arbitration prior to the Second Court Date Bench Trial[] [w]ithout submitted photos from the Police Tow Lot Received and Sent By Me[] [s]howing clearly it was an Assault."  (Id. at 6.)  Ms. Riese seeks a total $115,300.00 in damages for replacement costs, loss of income, and artistic repair.  (Id.)

On June 18, 2016, the Court issued an order requiring Ms. Riese to provide GEICO's address so that the Complaint could be served.  (Mem. Decision & Order on Service of Process, ECF No. 6.)  Ms. Riese provided GEICO's address (ECF No. 8) and

the U.S. Marshals Service subsequently served the Complaint on GEICO.  (ECF No. 11.)  On September 16, 2016, GEICO moved to dismiss the Complaint.  (ECF No. 12.)  GEICO argued that Ms. Riese failed to allege facts to support civil rights violations under 42 U.S.C. § 1983 and failed to name the correct party.  (See id.)  Ms. Riese did not respond to GEICO's motion to dismiss.

On June 26, 2017, the Court issued a Report and Recommendation recommending that the District Court deny GEICO's motion to dismiss.  (R. & R. re GEICO's Mot. to Dismiss, ECF No. 14.)  The Court found that GIECO sought to dismiss a claim Ms. Riese did not bring.  (Id. 3–4.)  Specifically, the Court noted that although Ms. Riese used a preformatted complaint form bearing the title "Civil Rights Complaint," she checked neither of the boxes that would indicate she wishes to pursue a claim pursuant to 42 U.S.C. § 1985 or 42 U.S.C. § 1983.  (Id.)  Further, the Court found that GEICO provided no legal authority explaining why the Court should dismiss Ms. Riese's Complaint for naming GEICO as a party as opposed to GEICO Indemnity Company.  (Id. at 4–5.)  The Court also acknowledged that it could not dismiss Ms. Riese's Complaint solely because Ms. Riese did not oppose GEICO's motion to dismiss but urged her "to respond to all future briefings to avoid dismissal of her action."  (Id. at 4.)

On July 13, 2017, GEICO withdrew its motion to dismiss, (ECF No. 15), and filed a new motion to dismiss on September 25, 2017 (ECF No. 17)—the motion to dismiss currently pending before the Court.  Ms. Riese did not respond to this motion to dismiss either.  Moreover, Ms. Riese has not submitted anything to the Court in this case since August 2016, (see ECF No. 8), and the post office returned several items mailed to Ms. Riese to the Court as undeliverable.  (See ECF Nos. 7 & 16.)

**JURISDICTION**

As an initial matter, the Court considers whether it has subject matter jurisdiction to decide this case. Ms. Riese does not specify the basis for the Court's subject matter jurisdiction in her Complaint. (Compl. 1, ECF No. 3.) On the Civil Cover Sheet, she marked the box indicating that the Court has federal question jurisdiction. (Civil Cover Sheet, ECF No. 3-1.) Federal courts have original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Ms. Riese's Complaint does not reference any federal law or statute that might confer federal question jurisdiction. Thus, the Court does not have federal question jurisdiction in this case.

The Court also considers whether diversity jurisdiction exists. Federal courts have original jurisdiction in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Ms. Riese alleges damages totaling $115,300.00, (Compl. 6, ECF No. 3), and that she is a citizen of Utah and GEICO is a citizen of California. (Id. at 1-2.) These allegations suffice to support diversity jurisdiction. Therefore, the Court finds it has jurisdiction to decide this case.

**LEGAL STANDARD**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Rule 8 serves the important purpose of

requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007).

To survive a motion to dismiss, a complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" Hogan v. Winder, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In reviewing a motion to dismiss, the court accepts as true the well-pled factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. Wilson v. Montano, 715 F.3d 847, 852 (10th Cir. 2013). The court need not accept the plaintiff's conclusory allegations as true. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing Twombly, 550 U.S. at 555). A complaint survives only if it "'states a plausible claim for relief,'" though courts recognize that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." Id. at 1214–15 (quoting Iqbal, 556 U.S. at 679).

Furthermore, whenever the Court authorizes party to proceed in forma pauperis, the Court must "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under this statute, the Court employs the same standard used for analyzing motions to dismiss for failure to

state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

While a court construes the filings of a pro se plaintiff liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers," Hall, 935 F.2d at 1110, a pro se plaintiff must "'follow the same rules of procedure that govern other litigants.'" Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, a pro se "plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting Hall, 935 F.2d at 1110). While the court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" Hall, 935 F.2d at 1110, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett, 425 F.3d at 840; see also Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997) (acknowledging that court should "not supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on a plaintiff's behalf").

## DISCUSSION

### A. Ms. Riese's Complaint Fails to State a Plausible Claim for Relief

GEICO asserts that Ms. Riese's Complaint fails to satisfy Rule 8's pleading standard and the corresponding plausibility requirement imposed by Twombly and Iqbal (Mot. 1–2, 3, ECF No. 17), but fails to detail the specific bases for its argument.

6

Nevertheless, upon its own review of the Complaint, the Court concludes that Ms. Riese's Complaint fails to state a plausible claim for relief.

As noted above, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and demands that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). To satisfy Rule 8's pleading requirement, a complaint must clearly and concisely allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Ms. Riese's Complaint falls woefully short of this standard. Ms. Riese alleges three non-existent causes of action—(1) "A misrepresented fraudulent undisclosed Arbitration filing," (2) "Did not seek and obtain all Documents prior to and upon an unbiased; undisclosed Arbitration," and (3) "GEICO paid out to the Driver that almost took my life and totalled [sic] my car, 'The Copper Nubian Butterfly. An icon.'" (Compl. 4–5, ECF No. 3.) Moreover, the supplemental facts Ms. Riese pleads do not shed any light on the particular claims Ms. Riese may be attempting to assert in this action. The supplemental facts refer to a Plaintiff (not her), District Attorney, court dates, bench trial, a criminal case, citations, and assault, among other things. (Id. at 4–6.) Based on the allegations in her Complaint, Ms. Riese appears to take issue with an "undisclosed arbitration" of some kind, but the Complaint does not provide any details concerning the arbitration, who participated in that arbitration, to what the arbitration related, or what causes of action she may have arising out of that arbitration. For example, Ms. Riese asserts that "they"—as opposed to any specified individuals or companies—initially said

7

there would be no arbitration, but then proceeded with an "unknown, unstated Arbitration." (Id. at 6.)

The Complaint also fails to indicate how GEICO, the only named defendant, bears responsibility for the actions described in the Complaint or how it allegedly harmed her, other than that she alleges it paid money to an unnamed driver who she claims totaled her car. Indeed, based on the Complaint, what relationship Ms. Riese even had with GEICO—whether it insured her, whether it insured the other driver apparently involved in the accident, or something else—remains unclear. Moreover, even though the allegations identify a car accident that occurred, the Complaint gives no details whatsoever concerning that accident. The Complaint's lack of clarity—in terms of the causes of action asserted, the factual bases for any claims asserted, and how GEICO purportedly harmed Ms. Riese—necessitates dismissal of the Complaint. See Bailot v. Colorado, 385 F. App'x 853, 854–55 (10th Cir. 2010) (unpublished) (affirming district court's dismissal of complaint for failure to comply with Rule 8(a) where "[t]he complaint did little to connect the facts alleged with any cause of action, nor did it indicate how the defendants are responsible for the behavior described.").

In sum, Ms. Riese's Complaint fails to state a plausible claim for relief; the Complaint does not intelligibly state any claims for relief against GEICO or plead any facts that support the assertion of any claims against GEICO. See Mann, 477 F.3d at 1148 ("Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."); Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (stating that a pro se "plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be

8

based'" (quoting Hall, 935 F.2d at 1110)). The Court notes that GEICO has struggled to respond to the Complaint (see R. & R. re GEICO's Mot. to Dismiss, ECF No. 14 & Section C, infra), which it presumes results from the fact Ms. Riese's Complaint does not meet Rule 8's basic pleading requirements. Accordingly, the Court RECOMMENDS that the District Judge dismiss Ms. Riese's Complaint because it fails to state a plausible claim for relief.

### B. Ms. Riese's Lack of Interest in Pursuing This Litigation

The Court finds Ms. Riese's failure to respond to both of GEICO's motions to dismiss significant, particularly given the Court's urging Ms. Riese in its prior Report & Recommendation to respond to all future briefings to avoid dismissal of her case. (See R. & R. re GEICO's Mot. to Dismiss 4, ECF No. 14 (urging Ms. Riese "to respond to all future briefings to avoid dismissal of her action.")). The District of Utah's Local Rules provide that "[f]ailure to respond timely to a motion, other than for summary judgment, may result in the court's granting the motion without further notice." DUCivR 7-1(d). The Court cannot, however, grant a motion to dismiss based solely on a plaintiff's failure to respond and must consider the merits of the motion. See Issa v. Comp USA, 354 F.3d 1174, 1177–78 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").

Nevertheless, Ms. Riese's failure to respond to GEICO's motions to dismiss evidence Ms. Riese's lack of interest in pursuing this case. Aside from failing to respond to GEICO's motions to dismiss, Ms. Riese has also failed to take any action in

9

this case since August 2016, and has failed to provide updated address information given that the post office continues to return mail the Court has sent her as undeliverable. Ms. Reise's obvious lack of interest in this case, combined with the Court's inherent authority to manage judicial resources, also warrants dismissal of the case without prejudice. See, e.g., Sifuentes v. Corr. Corp. of Am., No. CIV-04-1412-T, 2005 WL 1176075, at *2 (W.D. Okla. May 16, 2005) (unpublished) ("Plaintiff's lack of interest in pursuing his litigation combined with the Court's inherent power to manage judicial resources warrants dismissal of this action without prejudice."). Accordingly, the District Judge could also dismiss Ms. Riese's Complaint without prejudice on this basis.

### C. The Court Declines to Address GEICO's Rule 9(b) or Privity Arguments

GEICO argues that Ms. Riese's allegations concerning "a misrepresented fraudulent undisclosed arbitration filing" sound in fraud but do not comply with the heightened pleading requirements of Rule 9(b), necessitating dismissal of that claim. (Mot. 4–6, ECF No. 17.) The Court declines to address this argument because it cannot determine whether the Complaint even asserts a claim for fraud. However, the Court notes that to the extent Ms. Riese asserts a claim for fraud, she would have to plead those allegations with particularity. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

GEICO also argues that the Court should dismiss the Complaint because Ms. Riese was not in privity with GEICO and was not a party to the arbitration referenced in the Complaint. (Mot. 6–9, ECF No. 17.) The Court declines to address this argument because it relies on facts outside the pleadings concerning the arbitration. (See, e.g.,

10

id. at 6 ("While GEICO does not dispute an inter-company arbitration occurred between GEICO and another insurance company regarding issues arising from the May 30, 2012 accident, Ms. Riese was never a party to that arbitration."). A motion to dismiss tests the sufficiency of the pleadings. See Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.") Therefore, GEICO improperly included facts not contained in Ms. Riese's Complaint in its motion to dismiss. Moreover, because GEICO fails to support its statements outside the pleadings with citations or supporting materials, the Court cannot convert GEICO's motion to dismiss into a motion for summary judgment.

## RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS the District Judge dismiss this action without prejudice.

The Court will send copies of this Report and Recommendation to all parties, who the Court hereby notifies of their right to object to the same. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. Id. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 16th day of July, 2018.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge